UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TYROSH BROWN,

                Plaintiff,                Case No. 1:12-cv-735

v.                                         Honorable Paul L. Maloney

CITY OF GRAND RAPIDS, et al.,       **REPORT AND RECOMMENDATION**

                Defendants.
_____/

        This is a civil rights action brought against the City of Grand Rapids, Michigan, and Police Officer Matthew Ungrey arising from alleged police brutality occurring on July 17, 2009. Plaintiff brought an identical lawsuit in this court in July 2010. In fact, his complaint in the present case is merely a resubmission of his 2010 complaint, with an additional cover page. The 2010 case was dismissed by District Judge Robert Holmes Bell on January 17, 2012, for plaintiff's failure to abide by the orders of the court. (Judgment, docket # 55). That matter is now on appeal to the Sixth Circuit Court of Appeals (case no. 12-1124). Plaintiff concedes in his cover sheet that this case is a refiling of the previous case and justifies it by saying that something must be done about the pattern of abuse engaged in by Grand Rapids police officers.

        The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## Discussion

Plaintiff initiated this lawsuit by refiling the identical complaint that Judge Bell dismissed by judgment entered January 17, 2012. *Res judicata*, or claim preclusion, is an affirmative defense that generally should be raised by the defending party. *See* FED. R. CIV. P. (8)(c)(1). Nevertheless, the Supreme Court has indicated that a court may take the initiative to assert the *res*

*judicata* defense *sua sponte* in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412 (2000). The district court may do so in the interests of promoting judicial economy, where the existence of claim preclusion is obvious on the face of a pleading. *See Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747, 757 (6th Cir. 2003). Because claim preclusion clearly bars the present case, it is appropriate for the court to raise the defense *sua sponte*.

Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Stryker Corp. v. National Union Fiore Ins. Co. of Pittsburgh*, 681 F.3d 819, 824 (6th Cir. 2012). Claim preclusion consists of four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (internal quotation marks omitted). There can be little doubt that all four elements of the claim preclusion doctrine are met in the present case. First, Judge Bell entered a final decision on the merits in *Brown v. City of Grand Rapids*, case no. 1:10-cv-732. Judge Bell's judgment of January 17, 2012, dismissed plaintiff's case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Under Rule 41(b), an involuntary dismissal of an action for failure to comply with orders of the court "operates as an adjudication on the merits," unless the order states otherwise. The judgment did not indicate that dismissal was without prejudice, so Rule 41(b) requires that the judgment be deemed on the merits. The present case involves the very same parties, issues, and claims that were dismissed by Judge Bell

-- as noted, plaintiff merely resubmitted a copy of his previous complaint. It is therefore clear that this case is barred by the doctrine of *res judicata*.

If plaintiff disagrees with Judge Bell's action, his remedy is in the Court of Appeals. Plaintiff now has an appeal pending for that purpose. He is not allowed to circumvent that process by filing a duplicative lawsuit.

**Recommended Disposition**

For the foregoing reasons, I recommend that this action be dismissed on the ground of *res judicata*.


Dated:  August 3, 2012                         /s/  Joseph G. Scoville
                                               United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).